## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**OCTAVIO PALOMO PEREZ,**

      **Petitioner,**

    v.

**SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al.,**

      **Respondents.**

**Case No. 1:26-cv-778**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Vascura**

## <u>ORDER</u>

The Department of Homeland Security is detaining Petitioner Octavio Palomo Perez in the Butler County Correctional Complex as it pursues his removal from the United States. Palomo Perez filed a habeas corpus petition requesting the Court order his release pending the resolution of those immigration proceedings. (Doc. 1). The next day, he requested emergency injunctive relief in the form of a temporary restraining order, asking the Court (1) to enjoin Respondents from transferring him outside of the Sixth Circuit, and (2) to order Respondents to facilitate confidential attorney-client communication. (Doc. 3). As to the former, Palomo Perez fears that the government may transfer him out of the Sixth Circuit as a means of denying him a bond hearing. (*Id.* at #32–33). That is because under this Circuit's precedent, he is entitled to a bond hearing, *see Lopez-Campos v. Raycraft*, 175 F.4th 713, 735 (6th Cir. 2026), while under the Fifth and Eighth Circuits' contrary interpretations of the relevant law, he is not, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

For the reasons discussed briefly below, the Court **GRANTS** Palomo Perez's request for a temporary restraining order, (Doc. 3). Specifically, the Court orders Respondents to not transfer Petitioner out of the Sixth Circuit for fourteen days or until he receives a bond hearing from an immigration judge, whichever comes first. Moreover, the Court orders Respondents to permit Palomo Perez to communicate confidentially with his attorney, if that is not already the case.

"[T]he purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996). Whether a movant is entitled to this extraordinary relief is governed by the same four factors that apply to preliminary injunctions. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a substantial likelihood or probability of success on the merits; (2) whether the movant will suffer irreparable injury if injunctive relief is not granted; (3) whether the injunctive relief would unjustifiably harm a third party; and (4) whether the public interest would be served by issuing the injunctive relief. *Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).

Those factors warrant the TRO the Court described above. Here, the underlying question is whether Palomo Perez is entitled to a bond hearing. He has a high likelihood of success on that claim, as the Sixth Circuit definitively ruled that persons like Palomo Perez have that right. *See Lopez-Campos*, 175 F.4th at 735. And injunctive relief preserving his presence in this Circuit will preserve the status quo

2

while he seeks to vindicate that right. As to the second prong, there is a risk of harm to Petitioner if he is moved, as it may impact whether he will in fact receive such a hearing, as well as making it more difficult for him to coordinate with counsel. Turning to the third prong, the government conceded during a telephone conference on this motion that a TRO of the type the Court issues here would not injure its interests. Finally, it serves the public interest to ensure that persons detained in the Sixth Circuit receive the substantive rights to which they are entitled.

Accordingly, the Court **GRANTS** Palomo Perez's request for a temporary restraining order, (Doc. 3). Respondents are **ORDERED** (1) to not transfer Petitioner out of the Sixth Circuit for fourteen days, until August 25, 2026, or until Petitioner receives a bond hearing from an immigration judge, whichever comes first, and (2) to facilitate Palomo Perez's ability to confer in confidence with his attorney.

**SO ORDERED.**

August 11, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

3